Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer at the times in question.
3. The carrier liable on the risk is correctly named above.
4. Plaintiffs average weekly wage is $354.00.
5. Plaintiff sustained a compensable leg injury on 13 August 1998. Defendants deny a compensable back injury.
6. Plaintiffs last day of work was 21 November 1998.
7. Defendants refused to authorize treatment/surgery by Dr. Miller.
***********
Based upon all of the competent evidence of record and the reasonable inferences therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff, age 61 at the time of the hearing before the Deputy Commissioner, worked as a hand sander for defendant-employer for approximately 20 years before her injury. Plaintiffs job involved full-time standing and frequent bending and stooping.
2. On the morning of 13 August 1998, plaintiff stepped up with her right foot onto a 1-1/2 foot high conveyor belt. She experienced immediate severe pain in her right leg which caused her to scream. Plaintiff spoke to her supervisor within a few minutes. At first, the injury was thought to be limited to her right leg. However, by the next day, plaintiff was having hip, lower back and leg pain.
3. Defendants sent plaintiff to Catawba Occupational Health beginning 14 August 1998, where she apparently received treatment to her right leg. When plaintiffs condition did not improve, defendants sent her to Dr. John de Perczel.
4. Dr. John de Perczel, a Hickory orthopedic surgeon, began treating plaintiff on 1 September 1998. Dr. de Perczel diagnosed sciatica, which is pain from the spine to the toes. A 9 September 1998 MRI showed disk bulges at several levels, but no herniations. However, Dr. de Perczel admitted that no MRI or other such test is 100% accurate.
5. Plaintiff attempted to return to work at reduced hours, but the pain was too severe to continue despite physical therapy ordered by Dr. de Perczel and use of a Tens unit.
6. On 11 November 1998, plaintiff presented on her own to Dr. Peter Miller, a Hickory neurosurgeon. Dr. Miller ordered a 23 November 1998 myelogram and CT scan which revealed a disk herniation. Dr. Miller recommended surgery, which defendants refused to authorize.
7. On 16 December 1998, Dr. Miller performed surgery on plaintiff which confirmed a large L3-4 disk rupture with free fragments which Dr. Miller testified was probably caused by the injury at work in view of plaintiffs consistent symptoms since the injury. Plaintiff did very well for about four weeks after the surgery during which time her pain decreased. Thereafter, plaintiff experienced an increase of pain, which may have been the result of scar tissue formation.
8. On cross-examination, Dr. de Perczel admitted the free disk fragment found by Dr. Millers surgery would explain plaintiffs consistent symptoms after the injury at work. However, Dr. de Perczel would express no opinion as to the cause of plaintiffs medical problem or whether Dr. Millers later surgery was appropriate.
9. Plaintiff still requires treatment, including treatment at Catawba Memorial Hospital Pain Clinic. The employee is not at maximum medical improvement and is still on a no work status.
10. As a result of the specific traumatic incident of her assigned work with defendant-employer on 13 August 1998, plaintiff sustained an injury to her back which necessitated the surgery of 14 December 1998.
11. Plaintiff requested authorization for the surgery and treatment by Dr. Miller within a reasonable time, and such surgery and treatment was reasonably necessary to effect a cure or give relief and tend to lessen plaintiffs period of disability.
12. As a result of the 13 August 1998 specific traumatic incident, plaintiff has been unable to earn wages with defendant-employer or in any employment since 22 November 1998.
13. Plaintiff received $1,040.00 pursuant to a disability plan funded totally by defendants.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following additional:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury to her back as a result of a specific traumatic incident of her assigned work with defendant-employer on 13 August 1998. N.C. Gen. Stat. 97-2(6)
2. As a result of the 13 August 1998 incident, plaintiff has been temporarily and totally disabled since 22 November 1998 and has not reached maximum medical improvement. Plaintiff is entitled to compensation at the rate of $236.01 per week beginning on 22 November 1998 and continuing under further order of the Industrial Commission. N.C. Gen. Stat. 97-29.
3. Plaintiff is entitled to medical compensation necessitated by the 13 August 1998 incident including treatment for her back injury as recommended by Dr. Miller. N.C. Gen. Stat. 97-25.
4. Defendants are entitled to a credit for payments made to plaintiff under the employer-funded disability plan. N.C. Gen. Stat. 97-42.
***********
 AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the weekly rate of $236.01 for the period beginning 22 November 1998 and continuing until further order of the Industrial Commission, subject to the attorney fee approved hereinafter. The amount of this compensation that has accrued shall be paid to plaintiff in a lump sum, subject to a credit to defendants for payments made pursuant to the employer-funded disability plan, any compensation payments previously made, and the attorney fee approved hereinafter.
2. Defendants shall pay all medical compensation arising from this specific traumatic incident.
3. An attorney fee of 25% of the compensation awarded in paragraph 1 above is approved for plaintiffs counsel. One fourth of the lump sum payment of accrued compensation is to be deducted by defendants and paid directly to plaintiffs attorney. Thereafter, every fourth weekly compensation payment due to plaintiff shall be paid directly to plaintiffs counsel for his continuing attorney fee.
4. Defendants shall pay the costs of this action.
This the ___ day of October, 2000.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER